IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| CHARLES SWIFT, | ) | 8:15CV327 |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| MICHELLE ADAMS, and | ) | |
| EUSTACHIA MOSS, | ) | |
| Defendants. | ) | |

Plaintiff Charles Swift ("Plaintiff") filed his Complaint in this matter on September 3, 2015. (Filing No. 1). Swift has provisionally been given leave to proceed in forma pauperis. (Filing No. 5). Accordingly, the court now conducts an initial review of his claims to determine whether summary judgment is appropriate under 28 U.S.C. § 1915(e)(2).

Swift filed his Complaint against Michelle Adams ("Adams") and Eustachia Moss ("Moss"). (Filing No. 1 at CM/ECF p. 1). He alleges that on an unspecified date, Moss, acting under the direction of her boss Adams, conducted a search of a trailer on his property. (Filing No. 1 at CM/ECF pp. 1-2). He alleges that this search was illegal and conducted without a warrant. Plaintiff does not set forth who Adams and Moss are or whether they were acting as state agents when they searched his property. For relief, Swift asks for $10,000,000.00 in monetary damages and a "declaration [that] said search [was] illegal." (Filing No. 1 at CM/ECF p. 1).

Federal courts are courts of limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). The subject-matter jurisdiction of the federal district courts is generally set forth in 28 U.S.C. §§ 1331 and 1332. Under these statutes, federal jurisdiction is available only when a "federal question" is presented (*i.e.*, in a civil action arising under the Constitution, laws, or treaties of the

United States) or when the parties are of diverse citizenship and the amount in controversy exceeds $75,000.

Here, Swift seeks damages based on an unconsented search of his property. Swift does not state that Adams and Moss are citizens of a different state. In addition, because Swift does not allege Adams and Moss were state actors, there is no discernible "federal question" alleged in the Complaint.

On the court's own motion, Swift will have 30 days in which to file an amended complaint that sets forth a basis for this court's jurisdiction. Swift, who has numerous cases pending in this court, must clearly designate on the face of the document that it is his "Amended Complaint" in this case.

IT IS THEREFORE ORDERED that:

1. Swift will have 30 days in which to file an amended complaint. Failure to file an amended complaint within 30 days will result in the court dismissing this action without further notice.

2. The clerk of the court is directed to set the following pro se case management deadline: February 16, 2016: check for amended complaint; dismiss if none filed.

3. The court will conduct further review of any amended complaint to determine whether summary dismissal is appropriate. See [28 U.S.C. § 1915(e)](#).

DATED this 12th day of January, 2016.

         BY THE COURT:

         *s/ John M. Gerrard*
         United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.