IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| CHARLES SWIFT, | ) | |
| --- | --- | --- |
| Plaintiff, | ) | 8:15CV327 |
| v. | ) | |
| MICHELLE ADAMS, EUSTACHIA MOSS, and NEBRASKA DEPARTMENT OF HEALTH AND HUMAN SERVICES, | ) | **MEMORANDUM AND ORDER** |
| Defendants. | ) | |

This matter is before the court on its own motion. Plaintiff Charles Swift, a non-prisoner, filed his Complaint (Filing No. 1) in this matter on September 3, 2015. On January 12, 2016, the court conducted a pre-service screening of the Complaint and ordered Swift to allege facts supporting federal jurisdiction. (Filing No. 6.)

Swift filed an Amended Complaint (Filing No. 7) on January 19, 2016, in which he alleges that defendants Adams and Moss, sued in their individual and official capacities, are employees of the Nebraska Department of Health and Human Services ("NDHHS"); they used their state employment to enter Plaintiff's rental property and search a trailer on the property; Adams directed Moss to search the trailer based on rumors that Plaintiff was selling drugs from the trailer; the defendants kidnapped his baby; and the defendants are liable to Plaintiff for $50 million for the illegal search under the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution, presumably pursuant to 42 U.S.C. § 1983.[1]

---

[1]The court notes that Swift previously filed his kidnapping claim against the NDHHS and different individual defendants, but those cases were dismissed without prejudice for failure to prosecute. (*See Swift v. Laramie, et al.*, Case No. 4:14-cv-03185-JMG-PRSE (dismissed without prejudice on May 6, 2015, for failure

While Plaintiff's Amended Complaint now supports federal jurisdiction, the court must now review Plaintiff's claims to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e)(2).

## I. STANDARDS ON INITIAL REVIEW

In reviewing an in forma pauperis complaint to determine whether summary dismissal is appropriate, the court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed" for failing to state a claim upon which relief can be granted. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). Regardless of whether a plaintiff is represented or is appearing pro se, the plaintiff's complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985). A pro se plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dep't of Corr. & Rehab.*, 294 F.3d 1043, 1043-44 (8th Cir. 2002) (citations omitted).

Liberally construed, Plaintiff here seeks to allege federal constitutional claims. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege a violation of rights protected by the United States Constitution or created by federal statute, and also must

---

to file amended complaint); *Swift v. Laramie, et al.*, Case No. 8:15-cv-334-RGK-PRSE (dismissed without prejudice on March 2, 2016, for failure to file amended complaint).)

show that the alleged deprivation was caused by conduct of a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993).

## II.  DISCUSSION OF CLAIMS

Plaintiff alleges that the defendants (1) performed an illegal search of a trailer on his rental property and (2) kidnapped his infant child.

### A.  Official Capacity Claims

Plaintiff requests monetary damages against defendants NDHHS, a state agency, and Adams and Moss in their official capacities as employees of NDHHS. The State of Nebraska's sovereign immunity precludes Plaintiff from bringing this action in federal court against NDHHS, Adams, and Moss because "a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office [and] is no different from a suit against the State itself." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989) (citation omitted); *see also Larson v. Kempker*, 414 F.3d 936, 939 n.3 (8th Cir. 2005) ("Eleventh Amendment immunity bars a § 1983 lawsuit against a state agency or state official in official capacity even if the entity is the moving force behind the deprivation of the federal right.").

The Eleventh Amendment bars claims for damages by private parties against a state. *See, e.g., Egerdahl v. Hibbing Cmty. Coll.*, 72 F.3d 615, 618-19 (8th Cir. 1995); *Dover Elevator Co. v. Arkansas State Univ.*, 64 F.3d 442, 446-47 (8th Cir. 1995). Any award of retroactive monetary relief payable by the state, including for back pay or damages, is proscribed by the Eleventh Amendment absent a waiver of immunity by the state or an override of immunity by Congress. *See, e.g., Dover Elevator Co.*, 64 F.3d at 444; *Nevels v. Hanlon*, 656 F.2d 372, 377-78 (8th Cir. 1981).

Here, there is nothing in the record before the court indicating that the State of Nebraska waived, or that Congress overrode, sovereign immunity in this matter.

In addition, a suit may be brought under section 1983 only against a "person" who acted under color of state law. A state "is not a 'person' as that term is used in § 1983, and is not suable under the statute, regardless of the forum where the suit is maintained." *Hilton v. South Carolina Pub. Railways Comm'n*, 502 U.S. 197, 200-01 (1991). Thus, section 1983 does not create a cause of action against defendant NDHHS or defendants Adams and Moss in their official capacities as employees of NDHHS. Accordingly, Plaintiff's claims against them will be dismissed.

## B. Individual Capacity Claims

### 1. Illegal Search

The Fourth Amendment, applicable to the States through the Fourteenth Amendment, provides: "The right of the people to be secure in their persons . . . against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause . . . particularly describing the place to be searched, and the persons or things to be seized." Thus, the Fourth Amendment prohibits unreasonable searches by governmental officials. "'It is a basic principle of Fourth Amendment law that searches and seizures inside a home without a warrant are presumptively unreasonable.'" *United States v. Meidel*, 764 F.3d 844, 847 (8th Cir. 2014) (quoting *Payton v. New York*, 445 U.S. 573, 586 (1980)).

"[I]n order to claim the protection of the Fourth Amendment, a defendant must demonstrate that he personally has an expectation of privacy in the place searched, and that his expectation is reasonable." *Minnesota v. Carter*, 525 U.S. 83, 88 (1998). Whether one has a reasonable expectation of privacy in the area searched requires consideration of several factors:

ownership, possession and/or control of the area searched or item seized; historical use of the property or item; ability to regulate access; the totality of the circumstances surrounding the search; the existence or nonexistence of a subjective anticipation of privacy; and the objective reasonableness of the expectation of privacy considering the specific facts of the case.

*United States v. Anguiano*, 795 F.3d 873, 878 (8th Cir. 2015) (citation omitted).

Plaintiff has not alleged any facts showing he had a reasonable expectation of privacy in the area searched or in items[2] that were seized, if any. For instance, Plaintiff has not alleged facts describing the level of ownership, possession, and control he had over the area searched; whether Plaintiff had the authority or ability to regulate access to the property; the circumstances surrounding the search; who had a subjective anticipation of privacy in the area searched; and the objective reasonableness of any expectation of privacy.

I shall allow Plaintiff to file an amended complaint against defendants Adams and Moss in their individual capacities in order to allege specific facts sufficient to state a Fourth Amendment illegal search claim.

**2. Kidnapping of Child**

"The Due Process Clause provides that no State shall . . . deprive any person of life, liberty, or property, without due process of law. . . . Parties whose rights are to be affected are entitled to be heard; and in order that they may enjoy that right they

---

[2]To the extent Plaintiff claims that his kidnapped child was "property" seized during the illegal search, "the Fourth Amendment requires that the protective seizure of children occur pursuant to a court order, or, in the absence of a court order, pursuant to probable cause or exigent circumstances." *Riehm v. Engelking*, 538 F.3d 952, 965 (8th Cir. 2008).

must first be notified." *Lind v. Midland Funding, L.L.C.*, 688 F.3d 402, 405-406 (8th Cir. 2012); U.S. Const. amends. V & XIV. "Parents have a recognized liberty interest in the care, custody, and management of their children." *Whisman Through Whisman v. Rinehart*, 119 F.3d 1303, 1309 (8th Cir. 1997). However, "[t]hat liberty interest is limited by the compelling governmental interest in the protection of minor children, particularly in circumstances where the protection is considered necessary as against the parents themselves." *Id.* "In cases in which continued parental custody poses an imminent threat to the child's health or welfare, emergency removal of children without a court order is constitutionally permitted." *K.D. v. Cty. of Crow Wing*, 434 F.3d 1051, 1056 (8th Cir. 2006). However, when a defendant's action is proportional to his or her reasonable belief that a minor child faces the threat of immediate harm, no constitutional violation occurs. *Id*.

Here Plaintiff alleges that the defendants kidnapped his child, possibly during an illegal search of his rental property that resulted from rumors that Plaintiff was selling drugs out of a trailer on that property. As with his Fourth Amendment claim discussed above, Swift has made conclusory allegations without factual support sufficient to state a due process claim regarding his kidnapped infant. Even when liberally construed, Swift's claims are simply too vague and conclusory to state a claim for relief. *See Iqbal*, 556 U.S. at 678 ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

Plaintiff will be given 30 days in which to file an amended complaint that states a due process claim upon which relief can be granted against defendants Adams and Moss in their individual capacities.

IT IS THEREFORE ORDERED that:

1.      Plaintiff's claims for money damages against defendants NDHHS and Michelle Adams and Eustachia Moss in their official capacities as employees of NDHHS are dismissed based on Eleventh Amendment immunity;

2.      Plaintiff will have 30 days from the date of this Memorandum and Order to file an amended complaint that states a claim upon which relief can be granted as to Plaintiff's claims under the Fourth and Fourteenth Amendments (illegal search) and the Fifth and Fourteenth Amendments (due process) against defendants Michelle Adams and Eustachia Moss in their individual capacities;

3.      Failure to file an amended complaint or failure to sufficiently amend the claims will result in dismissal of this action without prejudice and without further notice;

4.      The clerk's office is directed to set the following pro se case management deadline: May 5, 2016: check for amended complaint.

DATED this 5th day of April, 2016.

BY THE COURT:
*Richard G. Kopf*
Senior United States District Judge